**IN THE UNITED STATES DISTRICT COURT FOR THE**

**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **FRANCIS DONGMO JIOKENG,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-1847-SLP** |
| | ) | |
| **FRED FIGUEROA, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |
| | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Francis Dongmo Jiokeng, a citizen of Cameroon proceeding *pro se*,[1] filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") challenging his detention by the U.S. Immigration and Customs Enforcement ("ICE"). (Doc. 1).[2] Chief United States District Judge Scott L. Palk referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). (Doc. 3). The matter is at issue. As fully set forth below, the undersigned recommends that the Petition be **GRANTED in part** because Petitioner's detention without a bond hearing violates the Immigration and Nationality Act ("INA"). The Court should order an individualized bond

---

[1] A *pro se* litigant's pleadings are liberally construed "and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). But the court cannot serve as Petitioner's advocate, creating arguments on his behalf. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

[2] Citations to the parties' filings and attached exhibits will refer to this Court's CM/ECF pagination.

hearing before a neutral Immigration Judge within 7 days of the judgment in this matter, or else release him from custody.

## I. Factual Background

The relevant facts in this matter are alleged by Petitioner and not disputed by Respondents:

- Petitioner is citizen of Cameroon who entered the United States on or about March 19, 2022, and was subsequently placed in removal proceedings. (Doc. 1, at 3). Following his initial processing, immigration authorities released Petitioner on his own recognizance. (*Id.*)

- Petitioner complied with all terms of his release while pursuing relief from removal. (*Id.*)

- On March 4, 2026, "without any material change in Petitioner's personal circumstances or compliance record, immigration authorities abruptly took Petitioner into custody and transferred him to the Eden Detention Center in Concho County, Texas." (*Id.*)

- Petitioner sought habeas relief by filing a petition in the Northern District of Texas on April 27, 2026. (*Id.* at 3-4); *Jiokeng v. Warden of Eden Detention Center*, Case No. 26-cv-178-H, Doc. 1 (N.D. Tex. Apr. 27, 2026). Subsequently, Petitioner was transferred to Diamondback Correctional Facility in Watonga, Oklahoma. (Doc. 1, at 4).[3]

- Petitioner has not been provided with a bond hearing. (*Id.* at 5).

- Petitioner's immigration proceedings are ongoing, as he has a pending appeal of his order of removal. EOIR Automated Case Information, https://acis.eoir.justice.gov/en/caseInformation (last accessed Nov. 16, 2026). Thus, he is not subject to a final order of removal.

- Petitioner was detained at Diamondback Correctional Facility in Watonga, Oklahoma, when he filed the instant Petition, and he is currently detained there. (Doc. 1, at 2).

[3] The Northern District of Texas dismissed this petition for failure to state a claim upon which habeas relief may be granted. *Jiokeng v. Warden of Eden Detention Center*, Case No. 26-cv-178-H, Doc. 6 (N.D. Tex. Aug. 14, 2026).

## II. Petitioner's Claims and Respondents' Responses

Petitioner makes the following claims in support of the Petition:

1. His detention is in violation of the Fifth Amendment. (Doc. 1, at 5).

2. He is subject to "constitutionally arbitrary" and unjustified detention without any showing of a changed risk profile and without an individualized bond assessment. (*Id.*)

3. His expedited immigration proceedings place him at risk of removal, which is an imminent and irreparable harm. (*Id.* at 5-6).

As relief, Petitioner requests immediate release from custody or, alternatively, a prompt and constitutionally adequate bond hearing before an impartial adjudicative officer. (*Id.* at 19).

While Respondents contend that Petitioner is held under 8 U.S.C. § 1225(b)(2)(A) and is not entitled to a bond hearing, they concede that the Tenth Circuit's recent decision in *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026), "compels a different outcome." (Doc. 11, at 1). "Respondents request that any order be limited to ordering a bond hearing within seven days." (*Id.*) Respondents do not raise the abuse of the writ doctrine nor otherwise address Petitioner's previous habeas petition in the Northern District of Texas.

## III. Standard of Review

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v.*

*Davis*, 533 U.S. 678, 687-88 (2001)).

**IV. Under *Santillan Quiroz v. Mullin*, Petitioner Is Entitled To a Bond Hearing.**

On June 30, 2026, the Tenth Circuit decided *Santillan Quiroz,* holding "that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to [8 U.S.C.] § 1226(a) (and thus eligible for bond), not [8 U.S.C.] § 1225(b)(2)(A)." 180 F.4th at 1237. This statutory interpretation is binding on this Court and applicable to Petitioner's factual circumstances, as Respondents concede.

Because Petitioner is subject to § 1226(a) and has not received a bond hearing, Petitioner has shown that he is in custody in violation of the laws of the United States, and he is entitled to habeas relief. 28 U.S.C. § 2241(c)(3). While Petitioner seeks immediate release, a bond hearing is the appropriate remedy. *Santillan Quiroz*, 180 F.4th at 1251 n.13.

Because the undersigned recommends granting habeas relief on the basis of violation of the INA, it is unnecessary to address Petitioner's due process claim, particularly as it would result in the same relief. *See, e.g., Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1241 (D.N.M. 2025) ("Because this Court holds that § 1226 governs Petitioner's detention, the due process owed to Petitioner is that provided for in § 1226 — namely, an individualized bond hearing before an IJ.").

**V. Recommendation and Notice of Right to Object**

For the reasons discussed above, the undersigned recommends that the Petition, (Doc. 1), be **GRANTED in part**. The undersigned recommends that the Court order Respondents to provide Petitioner an individualized bond hearing before a neutral

Immigration Judge within 7 days of the judgment in this matter, or else release him from custody.

**The Court advises the parties of their right to object to this Report and Recommendation by November 23, 2026**, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).[4] The Court advises the parties that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge and terminates the referral unless and until the matter is re-referred.

**ENTERED** this 16th day of November, 2026.

Amanda L. Maxfield

AMANDA L. MAXFIELD
UNITED STATES MAGISTRATE JUDGE

---

[4] Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to Report and Recommendations. *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker,* 484 F. App'x 227, 231, 231 n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance – particularly where strict application would undermine the habeas review process.").